Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-09-00505-CR

Raymond **AGUILAR** a/k/a Raymon Aguilar,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CR-0353A
Honorable Mary Roman, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Steven C. Hilbig, Justice

Delivered and Filed: May 5, 2010

MOTION TO WITHDRAW GRANTED; AFFIRMED

Raymond Aguilar pled no contest to a charge of burglary of a habitation by force in exchange

for the State's recommendation that adjudication be deferred. In June 2002, pursuant to the plea

agreement, the trial court deferred adjudication and placed Aguilar on community supervision for

a period of eight years. In August 2009, Aguilar pled "true" to the State's allegation he violated a

condition of his community supervision. The trial court adjudicated Aguilar guilty and sentenced him to six years in prison.

Aguilar's court-appointed appellate attorney filed a motion to withdraw and a brief in which he concludes this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel states Aguilar was provided a copy of the brief and motion to withdraw and was further informed of his right to review the record[1] and file his own brief. He has not done so.

After reviewing the record and counsel's brief, we find no reversible error and agree with counsel the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We therefore grant the motion to withdraw filed by Aguilar's counsel and affirm the trial court's judgment. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.–San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.–San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Aguilar wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal

---

[1]Counsel also detailed the procedure for obtaining the record. *See Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.--San Antonio 1996, no pet.).

Appeals along with the rest of the filings in this case. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Steven C. Hilbig, Justice

Do not publish